

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-23-00285-CR

---

### Ex Parte Wilmer Ramos-Morales, Appellant

---

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 10843CR

---

## MEMORANDUM OPINION

Appellant Wilmer Ramos-Morales was arrested for allegedly trespassing on private property in Kinney County, Texas in September 2021.[1] He filed a pretrial application for a writ of habeas corpus in the county court, arguing the State was selectively prosecuting him on the

---

[1] *See* Tex. Penal Code Ann. § 30.05(a).

basis of gender in violation of his equal protection rights.[2] The county court denied relief, and Ramos-Morales appealed from the denial to the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order.[3]

Relying on the Fourth Court of Appeals' decision in *Ex Parte Aparicio*, in which it found that a similarly situated male defendant had been the subject of selective prosecution and was therefore entitled to habeas relief, we reversed the county court's decision denying habeas relief in Ramos-Morales's case.[4] The State filed a petition for discretionary review of our decision with the Court of Criminal Appeals, and after reversing the Fourth Court of Appeals' decision in *Aparicio*, the high court remanded Ramos-Morales's case to this Court to resolve his appeal "in light of [its] opinion in *Aparicio*."[5]

Prior to this Court issuing an opinion, the State moved to dismiss Ramos-Morales's appeal based on a final resolution of his case. It provided a copy of a judgment of conviction reflecting Ramos-Morales's plea of nolo contendere to the trespassing charge that was the subject of his pretrial habeas petition, and the trial court's June 2025 sentence and fine for the offense. In addition, the record reflects that Ramos-Morales waived his right to appeal from that judgment of conviction. Ramos-Morales has not opposed the motion to dismiss his appeal.

---

[2] Numerous other similarly situated male defendants who were also arrested for alleged trespassing during the same time frame under the State's Operation Lone Star efforts filed pretrial applications for writs of habeas corpus along with Ramos-Morales.

[3] *See* Tex. R. App. P. 41.3 (requiring a transferee court to apply the precedent of the transferor court).

[4] *See Ex parte Ramos-Morales*, 697 S.W.3d 320, 333 (Tex. App.—El Paso 2023), petition for discretionary review granted, judgment vacated, No. PD-0107-24, 2024 WL 5074598 (Tex. Crim. App. Dec. 11, 2024) (citing *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023), rev'd, 707 S.W.3d 189 (Tex. Crim. App. 2024), cert. denied sub nom. *Aparicio v. Tex.*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025)).

[5] *See Ex parte Ramos-Morales*, No. PD-0107-24, 2024 WL 5074598, at *1 (Tex. Crim. App. Dec. 11, 2024).

Accordingly, without considering the merits of Ramos-Morales's pretrial habeas petition, we grant the State's motion and dismiss Ramos-Morales's appeal as moot.


LISA J. SOTO, Justice

September 15, 2025

Before Salas Mendoza C.J., Palafox and Soto, JJ.

(Do Not Publish)